UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                          :
ROBERT FLEMING,                          :
                          :
                       Petitioner,    :   17 Civ. 09104 (LGS) (DF)
                          :
            -against-               :   **OPINION AND ORDER**
                          :
NOETH, SUPERINTENDENT FOR ATTICA    :
CORRECTIONAL FACILITY,            :
                          :
                      Respondent.  : 
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Pro se petitioner Robert Fleming ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction by jury of two counts of murder in the second degree, in violation of Section 125.25(1) of the New York Penal Law (the "Petition"). The Honorable Debra Freeman issued a Report and Recommendation recommending that the Court deny the Petition and decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because Petitioner has not made a substantial showing of the denial of a constitutional right. *Fleming v. Noeth*, No. 17 Civ. 9104, Report and Recommendation, Dkt. No. 73 (S.D.N.Y. Feb. 18, 2021) (the "Report"). Petitioner did not timely file any objections to the Report. For the reasons stated below the Report is adopted in part and the Petition is denied.

**I.       BACKGROUND**

       Familiarity with the Report, which describes the factual and procedural background of this case in more detail is presumed. Facts most relevant to the review of the Report are included below.

On July 31, 2013, a jury sitting in the Supreme Court of the State of New York, Bronx County, found Petitioner guilty of the murders of a mother and nine-year-old daughter, whose bodies were discovered together on a bed, bound and naked from the waist down.  Both victims appeared to have been sexually assaulted and strangled.  In connection with his conviction on two counts of murder in the second degree, Petitioner was sentenced to two consecutive terms of imprisonment of twenty-five years to life.  He is currently incarcerated in a New York state prison facility.  *See Inmate Lookup*, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (last visited Sept. 20, 2021), http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (showing that Petitioner is currently incarcerated at Five Points Correctional Facility).  Petitioner unsuccessfully moved pursuant to CPL § 440.10, to vacate his judgment of conviction.  He also directly appealed his conviction, which the Appellate Division, First Department, unanimously affirmed on July 5, 2016.  *See People v. Fleming*, 35 N.Y.S.3d 326  (1st Dep't 2016).  Petitioner timely sought leave to appeal to the New York Court of Appeals, which was denied.  *People v. Fleming*, 28 N.Y.3d 1027 (2016).  On September 26, 2016, Petitioner, proceeding pro se, moved for reconsideration, which was denied.  *People v. Fleming*, 28 N.Y.3d 1124 (2016).

Before this Court is a motion for relief pursuant to 28 U.S.C. § 2254.  On February 18, 2021, Judge Freeman issued the Report, recommending that the Court deny the Petition and decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because Petitioner has not "made a substantial showing of the denial of a constitutional right."  The Report recommends, among other things, that the Court (1) find that Petitioner has failed to exhaust any claims of ineffective assistance of counsel and (2) excise those claims from the Petition.  The

Report explains that this finding is warranted because there is no evidence in the record that Petitioner made a writ of error *coram nobis* petition before the Appellate Division.

On February 18, 2021, a copy of the Report was mailed to Petitioner. Petitioner did not file any objections. On March 4, 2021, Assistant District Attorney Nicole Neckles filed a letter stating that on February 19, 2019, Petitioner "moved in the Appellate Division, First Department for a writ of error *coram nobis*," and "alleged that his murder convictions under Indictment 564/09 should be vacated because he was deprived the effective assistance of appellate counsel." On January 30, 2020, the Appellate Division denied Petitioner's motion, and on January 12, 2021, the New York Court of Appeals denied Petitioner's request for leave to appeal. Ms. Neckles' letter includes as supporting exhibits, Petitioner's filings in support of his petition for a writ of error *coram nobis*, as well as the Appellate Division's and Court of Appeals' relevant orders.

### A. Petitioner's Ineffective Assistance of Counsel Argument

The Petition challenges the constitutional effectiveness of Petitioner's appellate counsel. Petitioner specifically points to a *pro bono* attorney who argued his appeal before the Appellate Division and contends that (1) he did not authorize this representation and (2) the attorney did not competently present an oral argument on his behalf. Petitioner also argues that his appellate counsel did not submit all of the material that Petitioner drafted for his appellate brief and instead submitted a shorter brief omitting many of Petitioner's arguments.

## II. STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long

as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous." *U.S. Sec. and Exch. Comm'n v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2021 WL 3270024, at *2 (S.D.N.Y. July 30, 2021) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district court need only satisfy itself that "no clear error is apparent from the face of the record." *See, e.g.*, *Perez Olivo v. Graham*, No. 15 Civ. 9938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (applying this standard to a report and recommendation recommending denial of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254). Because Petitioner is proceeding pro se, his submissions are read "to raise the strongest arguments they suggest." *Collins v. Putt*, 979 F.3d 128, 132 n.1 (2d Cir. 2020).

### III.   DISCUSSION

Because Petitioner has not objected to the Report, the Report is reviewed for clear error. *See Perez Olivo*, 2021 WL 3271833 at *1. Upon review, only one clear error is apparent -- the Report's recommendation that the Court find that Petitioner has not exhausted his ineffective assistance of counsel argument.

A petitioner may exhaust a claim of ineffective assistance of appellate counsel by raising that claim to the Appellate Division on a motion for a writ of error *coram nobis*, and by then seeking leave from the Court of Appeals to appeal the denial of that motion. *See Vaughn v. Ward*, No. 19 Civ. 6596, 2021 WL 1269260, at *6 (S.D.N.Y. Feb. 10, 2021) (explaining that petitioner had failed to make a motion for writ of error *coram nobis* and had not exhausted his ineffective assistance of counsel claim), *report and recommendation adopted*, No. 19 Civ. 6596, 2021 WL 1268499, at *1 (Apr. 6, 2021); *Shomo v. Maher*, No. 4 Civ. 4149, 2005 WL 743156, at *3 (S.D.N.Y. Mar. 31, 2005) (finding that petitioner did not exhaust state remedies where he failed to appeal the denial of his motion for a writ of error *coram nobis* to the New York Court of

Appeals). Here, Ms. Neckles's March 4, 2021, letter and supporting exhibits show that Petitioner has exhausted his state court remedies with respect to his ineffective assistance of counsel argument. Petitioner filed a motion for writ of error *coram nobis* on grounds similar to those he advanced in the Petition; he objected to *pro bono* counsel's failure to incorporate the arguments he proposed in a draft eighty-two page appellate brief and argued that *pro bono* counsel failed to provide competent oral argument. The Appellate Division denied Petitioner's motion for writ of error *coram nobis* and the Court of Appeals denied Petitioner's request for leave to appeal. Petitioner therefore exhausted his state court remedies with respect to this argument.

Although Petitioner exhausted his ineffective counsel claim in state court, the Petition is denied on this ground. To establish an ineffective assistance of counsel claim, a habeas petitioner must show that (1) appellate counsel acted objectively unreasonably in failing to raise a particular issue on appeal and (2) absent counsel's deficient performance, there was a reasonable probability that the petitioner's appeal would have been successful. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A petitioner may demonstrate the objectively unreasonable performance of appellate counsel "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Weingarten v. United States*, 865 F.3d 48, 53 (2d Cir. 2017) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). Appellate counsel does not have a duty to advance every available non-frivolous argument, given that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key

issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *accord Meregildo v. United States*, No. 16 Civ. 7968, 2021 WL 1700655, at *3 (S.D.N.Y. Apr. 29, 2021).

Here, Petitioner has not sufficiently explained which arguments were omitted from the briefing submitted to the Appellate Division or, to the extent he has identified certain arguments, how those arguments were significant, obvious issues for which Petitioner could have advanced more persuasive arguments than those Petitioner's counsel chose to pursue. As the Report notes, the briefs that Petitioner's counsel submitted to the Appellate Division were "quite well drafted and presented what may well have been Petitioner's strongest arguments." Report, 55/85. Petitioner's briefs focus on key issues including (1) whether Petitioner's constitutional rights were violated by the state's failure to bring charges for over five years after completing its investigation; (2) whether Petitioner's constitutional rights were violated by the trial court's exclusion of potentially exculpatory evidence, namely a statement made by a deceased witness that the trial court excluded as hearsay; (3) whether Petitioner's conviction was against the weight of all the evidence and based on legally insufficient DNA evidence; and (4) whether the trial court unconstitutionally coerced Petitioner into withdrawing his request to proceed pro se. Petitioner has not shown that there is a reasonable probability that Petitioner's appeal would have been successful had he submitted a brief covering an array of additional issues. In addition, Petitioner has not explained how his counsel's oral argument was deficient and to the detriment of his appeal. Accordingly, instead of adopting the Report's recommendation that the Court excise Petitioner's ineffective assistance of counsel argument from the Petition to permit Petitioner to exhaust this argument, the argument is rejected and the Petition is denied on this ground.

Judge Freeman's Report is well-reasoned and thorough and, in light of Petitioner's lack of objections, the Report is otherwise adopted. This includes the Report's recommendation not to issue a certificate of appealability. "Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Campbell v. McCarthy*, No. 19 Civ. 2980, 2021 WL 229608, at *1 (S.D.N.Y. Jan. 22, 2021) (internal citations omitted). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion & Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. *See Coppedge v. United States*, 369, U.S. 438, 444-45 (1962); *accord Campbell*, 2021 WL 229608, at *1.

## IV.   CONCLUSION

For the reasons stated above, the Petition is DENIED and a certificate of appealability pursuant to 28 U.S.C. § 2253(c) will not issue. The Clerk of Court is respectfully directed to close the case.

Dated:  September 21, 2021
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE